TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00224-CR

Sherman Wilkins, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 095154, HONORABLE JON N. WISSER, JUDGE PRESIDING

PER CURIAM

 Appellant was convicted on a two-count indictment accusing him of possessing cocaine
and possessing cocaine with intent to deliver. This Court affirmed the judgment of conviction. Wilkins v.
State, No. 3-89-057-CR (Tex. App.--Austin June 26, 1991, pet. ref'd) (not designated for publication). 
A federal district court later granted appellant habeas corpus relief in the form of a new punishment hearing. 
Wilkins v. Scott, No. A-95-CA-144-JN (W.D. Tex. Aug. 30, 1995). On February 29, 1996, appellant
appeared in district court with counsel and punishment was assessed, by agreement, at imprisonment for
twenty years on count one and imprisonment for twenty-five years on count two, to be served concurrently.

 Appellant's court-appointed attorney filed a brief in which he concludes that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v.
State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to
examine the appellate record and to file a pro se brief. A pro se brief has been filed.

 In his pro se brief, appellant states that he was promised that a twenty-five year sentence
would, with credit for time served, result in his immediate release to mandatory supervision. Appellant
concedes that there is nothing in the record before us to support this allegation. The proper vehicle by
which to pursue this claim is a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art.
11.07, § 3 (West Supp. 1996). 

 We have reviewed the record and counsel's brief and agree that the appeal is frivolous and
without merit. Further, we find nothing in the record that might arguably support the appeal. (1)

 The order reassessing punishment and imposing sentence is affirmed.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: September 18, 1996

Do Not Publish
1.   Appellant's pro se motions to show evidence and for appointment of new counsel are
overruled. Appellant's pro se motion to submit ground of error is dismissed.